SUMMARY ORDER

Petitioner Hang Lin, a native and citizen of the People’s Republic of China, seeks review of a December 20, 2007 order of the BIA denying his motion to reopen. In re Hang Lin, No. A072 780 005 (B.I.A. Dec. 20, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
As an initial matter, we lack jurisdiction to consider any argument that the BIA abused its discretion by declining to reopen Lin’s proceedings sua sponte to permit him to seek adjustment of status, see Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir.2006), and we may not consider Lin’s challenges to the agency’s underlying decisions denying his application for relief and his first motion to reopen, see Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 90 (2d Cir.2001).
We review the agency’s denial of a motion to reopen for abuse of discretion. Ali v. Gonzales, 448 F.3d 515, 517 (2d Cir.2006). Where the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency’s factual findings under the substantial evidence standard. See Jian Hui Shao v. Mukasey, 546 F.3d 138, 169 (2d Cir.2008). We find that the agency did not err in denying Lin’s untimely and number-barred motion to reopen.
Lin argues that the BIA erred in finding that he failed to demonstrate changed country conditions or his prima facie eligibility for relief. However, this argument fails where we have previously reviewed the BIA’s consideration of similar evidence in the context of an untimely motion to reopen and have found no error in its conclusion that such evidence was insufficient to establish material changed country conditions or a reasonable possibility of persecution. See id. (noting that “[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency”); see also Wei Guang Wang v. BIA, 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as “the *70 oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion”).
Finally, contrary to Lin’s argument, the BIA did not abuse its discretion in determining that the time and numerical limitations for filing his motion to reopen were applicable to his claim for relief under the Convention Against Torture where he did not file his motion to reopen before June 21, 1999. See 8 C.F.R. § 1208.18(b)(2).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).